NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—January, 1883.

SUDLOW v. PINCKNEY.

*In the matter of the estate of* JOSEPH C. PINCKNEY,
*deceased.*

Petitioner obtained a decree against decedent's executors, requiring them
to deliver certain personal property to her, from which they took and
perfected an appeal to the Supreme Court.   Thereafter, and without
showing service of a certified copy of a decree on the executors, she
instituted proceedings to punish them for contempt.—

*Held,* that the latter proceedings were premature, in the absence of proof
of service of a copy of the decree, and, at any rate, were stayed by the
appeal, being affected by the decree appealed from and embraced in
the appeal (Code Civ. Pro., §§ 1310, 2577).

The question of the *status* of an appellant, as such, is a matter for deter-
mination by the appellate tribunal.

PETITION by Mary C. Sudlow, a daughter of decedent,
for a warrant of attachment against Charles C. Pinckney
and another, executors of his will, for contempt in dis-
obeying a decree for the delivery of property.   The facts
appear sufficiently in the opinion.

CULVER & WRIGHT, *for petitioner.*

OSCAR FRISBIE, *for executors.*

THE SURROGATE.—The petitioner asks for an attachment against the executors of this estate, because of their failure to obey a decree entered in this court on the 15th of December, 1882, requiring them to deliver to her certain personal property of the alleged value of about $4,000.

1. It is provided by section 2555 of the Code of Civil Procedure that, "in either of the following cases, a decree of the Surrogate's court, directing the payment of money, or requiring the performance of any other act, may be enforced by serving a certified copy thereof upon the party against whom it is rendered, or the officer or person who is required thereby or by law, to obey it; and, if he refuses or wilfully neglects to obey it, by punishing him for contempt of court . . . (subdivision 4) where the delinquent is an executor . . . and the decree relates to the fund or estate."

It does not appear that, in the present case, any certified copy of the decree has been served upon the executors, and until such service is made they cannot be adjudged in contempt.

2. But the answer herein discloses another fact, which is also fatal to this application. It appears that an appeal has been taken from the decree in question, and that the same has been perfected, by the giving of an undertaking, as required by section 2577 of the Code of Civil Procedure. Now, what is the effect of such appeal? "Except as otherwise expressly prescribed in this article," says section 2584 of the Code, "a perfected appeal has the effect (as a stay of the proceedings to enforce the decree or order appealed from) prescribed in section 1310 of the Code, with respect to a perfected appeal from a judg-

ment." Section 1310, so far as it has any application to a case like the present, excepts from the stay only such matters as are "included in the action or special proceeding, and not affected by the judgment or order appealed from, and not embraced in the appeal." Everything included in the present proceeding is affected by the decree, and is embraced in the appeal. The pendency of such appeal excuses the executors, therefore, for their failure to comply with the directions of the decree.

3. I cannot pass upon the question of the appellant's *status* as such. That matter must be determined in the Supreme Court (Estate of W. R. Hynes, Daily Reg., March 30, 1882, and cases cited).